IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BENJAMIN MICHAEL MERRYMAN; AMY WHITAKER
MERRYMAN TRUST; BENJAMIN MICHAEL MERRYMAN
TRUST; and B MERRYMAN AND A MERRYMAN
4TH GENERATION REMAINDER TRUST, individually and
on behalf of all others similarly situated                                    PLAINTIFFS

V.                              CASE NO. 5:15-CV-5129

CITIGROUP, INC.; CITIBANK, N.A.; and
CITIGROUP GLOBAL MARKETS INC                                                  DEFENDANTS

### INITIAL SCHEDULING ORDER

**IT IS HEREBY ORDERED** that the following dates, deadlines, and procedures shall govern the initial proceedings in this matter:

1.   **A Case Management Hearing is set for OCTOBER 26, 2015, at 9:30 am in the fifth floor courtroom in Fayetteville.**[1]

This hearing will be the scheduling conference contemplated by Fed. R. Civ. P. 16(b)(1)(B). The purpose of this conference is to assess the pretrial needs of the case and to assist the Court in crafting an appropriately tailored Case Management Order. Counsel should be prepared to identify and discuss all genuinely disputed issues of fact and law and the matters set forth in the parties' Rule 26(f) Report. The Court will also hear argument on any pending motions which may be ripe for consideration.

---

[1] Out of area attorneys may request in writing to participate by phone if they so choose. Such attorney(s) should promptly provide chambers with contact information for the teleconference operator.

2. **The parties shall jointly conduct a Rule 26(f) Conference by no later than AUGUST 7, 2015.**

*In preparation for* the parties' conference, Counsel should confer with their respective clients as soon as possible to assess the nature, scope, and accessibility of the information and documents subject to timely disclose pursuant to Rule 26(a)(1). In addition to the informational and descriptive disclosures *required* by Rule 26(a)(1), the parties must discuss and are **strongly encouraged** to agree upon the early identification and actual production (or inspection) of documents—instead of waiting for formal discovery requests. Ideally, any documents that are central to the parties' claims, damages, and defenses, should be provided with the "Initial Disclosures."

*During* the parties' Rule 26(f) conference, the discussions should focus on:

(1) The types and scope of discovery and the length of time necessary to complete it;

(2) Applicable topics and items set forth at Rule 26(f)(2) and (3);

(3) Other matters necessary to prepare the Joint Rule 26(f) Report and attachments;

(4) Counsel's respective expectations as to the scope and categorical content of the information and documents to be provided or inspected as part of the required Initial Disclosures; and

(5) The identification of the core discovery documents reasonably capable of production with the required Initial Disclosures, as well as the scope, logistics, feasibility, and timing of such production.

3. **The parties shall jointly prepare and file a Rule 26(f) Report by no later than AUGUST 21, 2015.  *DO NOT USE* the report outline contemplated by Fed. R. Civ. P. 26(f)(3) or Local Rule 26.1.  Instead, the parties shall use the attached outline and format.[2]**

4. **Each party shall make their Initial Disclosures as required by Fed. R. Civ. P. 26(a)(1)—and produce core discovery documents as agreed—by no later than AUGUST 28, 2015.**

    Ordinarily, the fact that a dispositive motion is pending does not excuse the obligation to provide mandatory disclosures pursuant to Rule 26(a)(1).  However, where reasonable and appropriate, a party may object to making Initial Disclosures pursuant to Rule 26(a)(1)(C), and any such objections will be addressed during the Case Management Hearing.[3]  In the absence of an appropriate objection, the Court expects the parties to provide all responsive disclosures and complete any agreed document production by no later than the specified deadline.[4]  Any alleged deficiencies and/or the need for supplemental disclosures should be brought to the Court's attention prior to or during the Case Management Hearing.

---

[2] An electronic version of the outline is available in Word Perfect and Word formats on the Court's website (under Judge Brooks Forms).

[3] An appropriate objection as to any particular required disclosure shall not relieve the party from providing disclosures as to non-objectionable matters.

[4] Upon advance written request–for good cause shown–the Court may extend the deadline for required and/or agreed document productions.

5. **The Trial Date will be set during the Case Management Hearing**.

The parties should discuss and realistically assess the amount of time reasonably necessary to complete discovery, as this is the Court's main consideration when setting the trial term and other case management deadlines. The Court will typically adopt the parties' mutually agreed upon discovery deadline—assuming it's *reasonable*—with the understanding that the trial date set during the Case Management Hearing is "firm" and no continuances will be granted absent extraordinary good cause. Counsel should also discuss and determine a consensus estimate of how long the trial will last. Counsel attending the Case Management Hearing must be authorized to discuss and commit to scheduling deadlines and trial dates. Any conflicts or objections to the Court's proposed trial dates must be made known at that time. Counsel should bring their calendars and any other information necessary to determine conflicts with proposed trial dates.

6. **Commencement of Discovery**. The parties may commence formal discovery in accordance with the Rules following the Initial Disclosure Deadline.

7. **No Waiver of Privilege**. Pursuant to Fed. R. Evid. 502(d), the Court hereby orders that any inadvertent disclosure of privileged information or documentation in response to *any* discovery production, including Rule 26(a)(1) disclosures and agreed document productions, shall not constitute a waiver of any applicable privileges in this case, or in any other case or respect. The purpose of this provision is to reduce the concern of a party that it must conduct exhaustive and expensive pre-production review of information/documents prior to producing the same.

8.  **Motions**.  Counsel must be prepared to argue any motions–dispositive or otherwise–that become ripe for consideration on or before the Case Management Hearing.

**IT IS SO ORDERED** on this \_\_16th\_\_ day of July, 2015.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

## **OUTLINE AND INSTRUCTIONS FOR THE JOINT RULE 26(f) REPORT**
### To Be Used for Matters Pending Before Judge Brooks

[The parties shall use the following outline and supplemental schedules to prepare their Fed. R. Civ. P. 26(f) Report.  *The instructions inside [brackets] should be omitted from the Report*.]

**1.     Plaintiff's Statement of the Case.**  [*Within the body of the Report, Plaintiff shall provide a concise executive summary of the case—not to exceed one double-spaced page—explaining the essential facts, claims, and damages/remedies sought.  If Plaintiff(s) has sued under multiple theories of recovery, then Plaintiff's Statement of the Case shall indicate the primary theory(ies) on which it presently contemplates proceeding*.]

**2.     Defendant's Statement of the Case**.  [*Within the body of the Report, Defendant(s) shall provide a concise executive summary of the case—not to exceed one double-spaced page—explaining disputed facts and defenses from its point of view.  If Defendant(s) have asserted affirmative defenses without supporting factual allegations, then briefly describe the known facts and evidence relied upon in asserting such defenses.*]

**3.     Are there any Objections pursuant to Rule 26(a)(1)(C) to providing required Initial Disclosures?**  [*If "yes," the objecting party should provide a detailed explanation. The Court will rule on any such objections prior to or during the Case Management Hearing.*]

**4.      Are there any Objections to the *timing* of Rule 26(a) Initial Disclosures?**  [*If "Yes," please provide detailed explanation as to why Disclosures cannot or should not be provided by the deadline stated in the Initial Scheduling Order.  As part of your response, verify that you are aware of the "Unacceptable Excuses" stated in Rule 26(a)(1)(E).*]

**5.     Agreed Document Productions.**  [*Please categorically describe the documents agreed to be produced by the parties as part of—or in addition to—the required Initial Disclosures. See paragraph 2 of the Initial Scheduling Order.*]

**6.     Discovery.**

   **6(a).   How many months are reasonably necessary to complete discovery—as measured from the date of the Case Management Hearing?**

   **6(b).   Do the parties seek to alter (increase or decrease) the maximum number of written discovery requests allowed by the Rules?  If so, please explain.**

>**6(c).   Do the parties seek to increase the maximum number of depositions allowed per side?  If yes, please explain the necessity and state how many depositions per side are proposed**.
>
>**6(d).   Please characterize the scope and extent of electronic discovery contemplated by the parties as follows: (i) none; (ii) fairly simple and routine; or (iii) complex.  If your answer is "Complex," then please complete and attach Schedule A.**
>
>**6(e).   Do you anticipate the use of Expert Witnesses at trial?  If so, state proposed dates by which the parties will be in a position to provide initial and rebuttal expert disclosures pursuant Rule 26(a)(2).**
>
>**6(f).   Do the parties presently contemplate the need for a protective order prior to the exchange of documents or information?**  [*If so, the parties should provide the Court with an agreed order (via email in Word Perfect or Word format) at least two full business days prior to the Case Management Hearing.  Such orders should contain the language specified in the Court's policy on protective orders, which is available on the Court's website under "Judge Brooks Forms").   If the parties cannot agree as to the need or form of an appropriate protective order, then formal relief must be promptly sought pursuant to Fed. R. Civ. P. 26(c).*]

**7.   State the parties' best estimate as to the number of days reasonably necessary to fully try the case.**

**8.   State whether 90 days—measured from the Case Management Hearing—is a sufficient amount of time to Add Parties and/or Amend Pleadings.**  [*If "No," please explain why and suggest a proposed alternative deadline*]

**9.   Settlement Prospects.**  [*Provide a joint statement explaining prospects for settlement of the case.  In most cases, the Court will order a settlement conference with the Magistrate Judge after completion of discovery.  If you would like to request an "early" settlement conference—either now or after limited discovery and/or threshold legal rulings—then please so indicate in your statement.*]

**10.    Special Issues and Schedules.**  [*Please mark a "X" next to the following issues that may be applicable to your case.  For each applicable issue, please complete and attach the corresponding Schedule(s) to your Joint Report.*]

\_\_\_    **Federal Jurisdiction is Disputed**. [*If so, please complete and attach Schedule B.*]

\_\_\_    **Action removed from state court and Plaintiff's Complaint does not specifically allege damages in excess of $75,000.00.** [*If so, please complete and attach Schedule C.*]

\_\_\_    **Diversity Jurisdiction case where any party is a non-corporate entity (*i.e.* LLCs, LLPs, General Partnerships, Trusts, Estates, etc.).** [*If so, please complete and attach Schedule D.*]

\_\_\_    **Original action filed in this Court based on Diversity Jurisdiction where Plaintiff has named one or more "John Doe" Defendant(s)**. [*If so, please complete and attach Schedule E.*]

\_\_\_    **Complaint contemplates certification of a Rule 23 Class Action and/or a Collective Action pursuant to the Fair Labor Standards Act.** [*If so, please complete and attach Schedule F.*]

\_\_\_    **Complaint seeks recovery for personal injuries and/or wage loss.  [***If so, please complete and attach Schedule G.*]

**11.    Have all corporate parties filed the disclosure statement contemplated by Fed. R. Civ. P. 7.1?**  [*If not, please state when such filing will be made.*]

# Schedule A

## "Complex" Electronic Discovery Anticipated

1. The parties should explain and help the Court understand the extent to which the anticipated scope, cost and time required for disclosure or production of electronic data is beyond what is reasonably available and/or within the capability of the parties' normal and ordinary course of business.

2. The parties should affirmatively state and confirm that reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.

3. The parties must acknowledge that they have conferred and reached agreement (or state the mutually established deadline in the near future by which they have agreed to confer) as to the following matters:

   (A)  Categorical types of electronic data that will be searched/provided as part of discovery.

   (B)  Whether the parties will need to formulate agreed search terms, and if so, date by which such terms will be agreed upon.

   (C)  Whether third party vendors will be necessary to accommodate electronic discovery.

   (D)  The format (*i.e.* pdf, searchable pdf, native or other) and the media (*i.e.* CD, hard drive, via email attachment, cloud upload, or other) contemplated for the exchange of electronic discovery.

4. The parties should state whether they know of and/or anticipate any objections, disputes, or issues involving electronic discovery that will or might require Court intervention.

# Schedule B

# Federal Jurisdiction Disputed

     1.     The parties shall jointly and concisely state the jurisdictional issue or dispute in a non-argumentative fashion.

     2.     The party raising a jurisdictional defect (resisting federal jurisdiction) shall provide a statement, not to exceed one double-spaced page, setting forth the factual and legal basis of its position.

     3.     The responding party (seeking to establish federal jurisdiction) shall provide a statement, not to exceed one double-spaced page, setting forth the factual and legal basis of its position.

# Schedule C

# Action removed from state court and Plaintiff's Complaint does not specifically allege jurisdictional damages in excess of $75,000.00

       1.      Defendant (or the party who removed the action) shall attach a statement, not to exceed one double-spaced page, and including statutory citations and pertinent case law, demonstrating that the Court's diversity jurisdiction is properly founded.

       2.      Plaintiff shall provide a statement, not to exceed one double-spaced page, stating its position as to appropriateness of diversity jurisdiction, including a general statement as to the nature and character of the damages/remedies it anticipates seeking at trial, and specifically whether compensatory damages will be alleged in excess of $75,000.00.

# Schedule D

# Diversity jurisdiction where any party is a non-corporate entity (*i.e.* LLCs, LLPs, General Partnerships, Trusts, Estates, etc.)

      1.    Each Non-Corporate entity shall state or diagram the citizenship as to each of its members/partners/trustees.  Membership must be traced back to a human being or corporation.

# Schedule E

# Original Diversity Action where Plaintiff has named one or more "John Doe" Defendant(s)

1.   The Plaintiff shall provide a statement of facts categorically describing the role and nature of liability attributed to any such fictitious Defendants, including why their identities are not reasonably known—and how long it will take to determine their identities during discovery.  The statement should also focus on the relative likelihood that the citizenship of any fictitious Defendants, once known, will defeat diversity jurisdiction.  In light of such facts, the statement should include legal argument and authorities as to the present appropriateness of federal diversity jurisdiction.

# Schedule F

# Rule 23 Class Action and/or FLSA Collective Action

      1.    The parties shall confer and provide a detailed statement of their joint recommendations and/or respective positions on how to structure the litigation. For example, should case management be bifurcated into pre- and post-certification phases—with discovery initially limited to certification issues? If so, the parties should discuss and report agreed deadlines (or each party's respective position on deadlines) typically associated with certification and merits phases, including a schedule for expert disclosures and depositions. Such considerations may be structurally different for FLSA cases—but the Court is in equal need of the parties' input and recommendations. In a "typical" Rule 23 class action, the Court's suggested deadline for filing certification motions is about 6 months from the Case Management Hearing, and pure merits discovery—if a class is certified—should last no more than about 6 to 8 months.

# Schedule G

# Complaint for Personal Injuries and/or Wage Loss

      1.     In personal injury cases, Plaintiff(s) shall sign and provide defense counsel with an appropriate medical release and list of treating medical providers (going back 5 years prior to the occurrence in question), by no later than the Initial Disclosure Deadline.

      2.     If wage loss and/or earning capacity is an issue, then the parties shall discuss the appropriateness of providing an employment records release, a list of current and prior employers, and other income verification documentation, such as tax returns, W-2s, etc. Ordinarily such documentation should be provided to defense counsel by no later than the Initial Disclosure Deadline.

      3.     Plaintiff shall provide a statement indicating its compliance with the provisions noted above. If these materials will not be provided by said deadline, then Plaintiff shall state an explanation as to why, including, if applicable, the parties' agreement to produce these materials by a particular date.

      4.     If Defendant has liability insurance, then it must provided a specimen copy of all such insurance policies and declaration pages by no later than the Initial Disclosure Deadline.